IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

APRIL SHABAZZ                                                                                    PLAINTIFF

v.                                         4:25-cv-00100-DPM-JJV

FRANK BISGNANO,
Commissioner,
Social Security Administration,                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge D. P. Marshall Jr.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, April Shabazz, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income.  The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act because she could perform her past relevant work as a customer service representative and tax preparer despite her impairments.  (Tr. 27-37.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole

and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-four years old. (Tr. 52.) She has a twelfth-grade education, (Tr. 50), and past work as a tax preparer and customer service representative. (Tr. 36.)

The ALJ[1] found Ms. Shabazz had not engaged in substantial gainful activity since April 26, 2022 – the alleged onset date. (Tr. 29.) She has "severe" impairments in the form of "obesity, diabetes mellitus type 2 with diabetic neuropathy, lumbar spondylosis, bilateral knees

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

osteoarthritis, right shoulder osteoarthritis status-post rotator cuff tear and repair, and cervical radiculopathy." (Tr. 30.) The ALJ further found Ms. Shabazz did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 30-31.)

The ALJ determined Ms. Shabazz had the residual functional capacity to perform a reduced range of sedentary work given her physical and mental impairments. (Tr. 32.) The ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. (Tr. 56-57, 66-71.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform her past work as a customer service representative and tax preparer - despite her limitations. (Tr. 36-37.) Accordingly, the ALJ determined Ms. Shabazz was not disabled. (Tr. 37)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Ms. Shabazz argues that the ALJ failed to adequately consider her obesity. (Doc. No. 9 at 8-15.) She says, "Here, the ALJ erred as a matter of law by failing to adequately analyze Plaintiff's obesity, and by formulating a decision that is internally inconsistent and lacks a logic bridge between the ALJ's findings and the [residual functional capacity assessment]." *Id.* at 10. I have carefully considered her argument and find no reversible error.

Plaintiff argues that the ALJ's opinion barely mentions her obesity and that he failed to consider her obesity in combination with her other impairments. But Plaintiff fails to acknowledge the ALJ's statements he considered her obesity considering Social Security Ruling (SSR) 19-2p.

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

About SSR 19-2p, the ALJ stated:

> Obesity has also been considered in accordance with SSR 19-2p, which requires consideration of obesity in determining whether claimants have medically determinable impairments that are severe, whether those impairments meet or equal any listing, and finally in determining the residual functional capacity. In this case, the claimant's height and weight equated to a BMI of approximately 51.7. (Exh. 5F/25; SSR 19-2p). This is classified as extreme obesity. However, not everyone who is obese is disabled, and the level of obesity describes only the extent of the claimant's obesity—it does not automatically correlate with any specific degree of functional loss. (SSR 19-2p). While extreme BMIs may be a consideration in reducing [residual functional capacity] RFC or determining a person cannot sustain his or her daily activities, there is no set BMI or combinations of BMI and other findings that automatically establish a person's inability to do physical activities. Nonetheless, given that the claimant is obese, the effects of obesity have been considered and the RFC has been reduced to the performance of light work, pursuant to Social Security Ruling 19-2p.

(Tr. 34.)

Given the above statement, I find the ALJ fairly considered Plaintiff's obesity considering SSR 19-2p.  I find no error here.

Plaintiff also argues that the ALJ erred because in the above paragraph he stated, " RFC has been reduced to the performance of light work."  (Doc. No. 9 at 12.)  The Commissioner responds, "While Plaintiff makes much of this scrivener's error by the ALJ in making her arguments, she fails to demonstrate that she was in any way harmed by the fact that the ALJ found her to be *more limited* than this misstatement suggested."  (Doc. No. 11 at 7)(emphasis in original). I have carefully considered Plaintiff's argument and find the Commissioner's response to be highly persuasive.

Plaintiff's next arguments all pertain to the ALJ's RFC assessment.  (Doc. No. 9 at 15-23.) Ms. Shabazz clearly suffers from some degree of pain and limitation from the combination of her impairments.  But given this limited review under the law, my careful review of the ALJ's opinion, the medical record, and the briefs from the respective parties, I find that the ALJ's opinion is

supported by substantial evidence.

Plaintiff's medical records fail to support an allegation of complete disability. Examinations by her doctors failed to show anything disabling. (Tr. 478-479, 485-486, 499.) Diagnostic testing essentially showed normal results. (306, 309-310, 406-407, 516-518, 548-550.) Aside from her rotator cuff surgery, Plaintiff's doctors only ordered conservative treatment. (Tr. 405, 409, 444, 494.) And Stephen Sher, Ph.D., Michael O'Day, D.O., Steven Akeson, Psy.D., and Donna McCall D.O. provide additional support for the ALJ's determination that Plaintiff is not disabled. (Tr. 76-77, 77-79, 94-95, 95-97.) Realizing these doctors did not treat or examine Plaintiff, there is simply no basis to find fault in their opinions. The medical records support their conclusions. Not to mention the ALJ's RFC was more restricted than these doctors concluded.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Here, the ALJ could rightly determine that Ms. Shabazz was not disabled.

The ALJ carefully considered the record and made a supported determination that Plaintiff could perform a limited range of sedentary work. In coming to this conclusion, the ALJ considered the medical records and the opinions from medical professionals. And, while not perfect, his opinion fairly sets out the rationale for his conclusions.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas*

*v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Plaintiff has advanced other arguments – including the RFC and hypothetical questions posed to the vocational expert are "inconsistent, unclear, confusing, and imprecise" - which I find are without merit. Ms. Shabazz's counsel has done an admirable job advocating for her. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 29th day of July 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE